Robert Edwin JOHNSON and Janice Ann Johnson, Plaintiffs–Appellants,

v.

WAY COOL MANUFACTURING L.L.C., VCI Capital, Inc., Steven C. White (doing business as Way Cool Manufacturing L.L.C.), and Robert D. Maher (doing business as Best & Flannagan, L.L.P.), Defendants–Appelles,

and

Gerald E. Helget (doing business as Ryder, Bennett, Egan & Arundel, L.L.P), Defendant–Appellee.

No. 01–1181.

United States Court of Appeals, Federal Circuit.

DECIDED: March 30, 2001.

Before MICHEL, CLEVENGER, and SCHALL, Circuit Judges.

ON MOTION

CLEVENGER, Circuit Judge.

ORDER

Way Cool Manufacturing L.L.C., VCI Capital, Inc., Steven C. White, and Robert D. Maher move to dismiss the Johnsons' appeal for lack of jurisdiction. Robert Edwin Johnson and Janice Ann Johnson have not responded.

The Johnsons filed a complaint in the United States District Court for the District of Minnesota on November 2, 2000 "requesting relief from a patent and trademark infringement." On the same date, the Johnsons moved for "an immediate injunction." On December 14, 2000, the district court ordered that it would consider all pretrial motions without oral argument. On January 23, 2001, the Johnsons filed an interlocutory appeal arguing that the district court's failure to rule on their motion for preliminary injunction was "a practical denial of preliminary relief."

This court has jurisdiction over final decisions of the district court. *See* 28 U.S.C. § 1295(a) (this court has jurisdiction "of an appeal from a final decision of the district court of the United States ... if the jurisdiction of that court was based, in whole or in part, on section 1338 of this title"). Our jurisdiction also extends to interlocutory orders "granting, continuing, modifying, refusing or dissolving injunctions." See 28 U.S.C. § 1292(a)(1). Because neither a final order nor an order granting or denying injunctive relief was issued by the district court at the time the Johnson's filed their interlocutory appeal with this court, the appeal is dismissed.*

---

\* We note that the district court apparently entered a final judgment on March 6, 2001.

The Johnsons may, if they choose, file an appeal from that final judgment.

Accordingly,

IT IS ORDERED THAT:

(1) The motion to dismiss is granted.
(2) Each side shall bear its own costs.